STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
May 1, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KEVIN D. LESTER,**
**Claimant Below, Petitioner**

**vs.)  No. 12-1480**  (BOR Appeal No. 2047013)
                              (Claim No. 2006041583)

**STATE ELECTRIC SUPPLY COMPANY,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Kevin D. Lester, by Derrick Lefler, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. State Electric Supply Company, by Matthew Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 20, 2012, in which the Board reversed a February 28, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 13, 2011, decision denying Mr. Lester's request for authorization of an April 18, 2011, office visit with Robert Kropac, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On June 1, 2006, Mr. Lester injured his back while lifting a spool of wire. A lumbar spine MRI performed on April 20, 2007, revealed a right herniated disc fragment at L4-5 and a left herniated disc fragment at L5-S1. Mr. Lester came under the care of Dr. Kropac on July 2, 2007. Dr. Kropac diagnosed him with a lumbar disc herniation with right and left lower extremity radiculitis secondary to the June 1, 2006, injury. He concluded that all residual symptoms arising from Mr. Lester's lower back are a direct result of the June 1, 2006, injury. Over the course of

1

approximately four years, Dr. Kropac continued Mr. Lester's care. He noted that Mr. Lester's radiating back pain remained constant, and utilized various medications to alleviate his symptoms. On January 9, 2008, Frederick Armbrust, M.D., performed a neurosurgical consultation. He diagnosed Mr. Lester with persistent low back pain possibly related in part to herniated discs at L4-5 and L5-S1. He found that Mr. Lester does not have radicular pain and concluded that he is not a surgical candidate.

A. E. Landis, M.D., performed an independent medical evaluation on November 23, 2009. He concluded that Mr. Lester sustained only a lower back sprain/strain on June 1, 2006, and further concluded that there is no evidence of record to support a finding that Mr. Lester suffers from a herniated disc. He found that Mr. Lester's current symptomology is only minimally related to the June 1, 2006, injury, and further found that Mr. Lester's current condition is attributable primarily to excessive weight gain and cigarette smoking. On January 21, 2010, James Dauphin, M.D., reviewed Mr. Lester's medical records and recommended that the displaced intervertebral discs seen on the April 20, 2007, MRI be added as compensable components of the claim. On February 1, 2010, the claims administrator added displaced intervertebral discs and lumbosacral sprain/strain as compensable components of the claim.

Following the addition of the displaced lumbar intervertebral discs as additional compensable components, Dr. Landis performed a second independent medical evaluation. He again concluded that there is no evidence of a disc herniation in the medical record and reiterated his prior conclusions. On November 15, 2010, Rebecca Thaxton, M.D., performed a records review. She noted that the diagnosis of displaced intervertebral discs was added to the claim, but concluded that Mr. Lester's medical record fails to document any symptoms resulting from the displaced discs. She concluded that Mr. Lester's current treatment is aimed at treating chronic low back pain unrelated to the compensable injury. Dr. Dauphin performed a second records review on April 29, 2011, and recommended the denial of authorization for all future office visits with Dr. Kropac. He stated that Mr. Lester sustained an uncomplicated lumbar strain on June 1, 2006, and concluded that Mr. Lester is now suffering from degenerative changes of the spine unrelated to the June 1, 2006, injury.

On June 13, 2011, the claims administrator denied Mr. Lester's request for authorization of an April 18, 2011, office visit with Dr. Kropac. The Office of Judges reversed the June 13, 2011, claims administrator's decision and authorized the requested office visit with Dr. Kropac. The Board of Review reversed the Order of the Office of Judges and reinstated the June 13, 2011, claims administrator's decision. On appeal, Mr. Lester asserts that the evidence of record demonstrates that the requested office visit with Dr. Kropac is necessary for the treatment of his compensable injuries.

The Office of Judges found that the preponderance of the evidence establishes that Mr. Lester continues to experience chronic pain as a result of his compensable injuries. The Office of Judges concluded that the contention that Mr. Lester's current condition is attributable to anything other than the compensable injuries is not credible. In its decision reversing the Order of the Office of Judges, the Board of Review relied on the opinions of Dr. Dauphin, Dr. Landis, and Dr. Thaxton, with particular attention paid to the conclusions of Dr. Landis. The Board of

Review concluded that Mr. Lester has failed to establish that the requested office visit is medically necessary and reasonably required for the treatment of the compensable injuries.

We find that the reasoning and conclusions of the Board of Review are based on a material mischaracterization of the evidentiary record. The Board of Review's reliance on the reports of Dr. Dauphin and Dr. Landis is misplaced. Both Dr. Dauphin and Dr. Landis concluded that Mr. Lester suffered only an uncomplicated lumbar strain and does not have a herniated disc, despite the addition of the displaced intervertebral discs as compensable components of the claim. Interestingly, Dr. Dauphin was the physician who recommended the addition of the displaced intervertebral discs to the claim. Therefore, the opinions of Dr. Dauphin and Dr. Landis are not credible and the Board of Review's reliance on their conclusions constitutes a mischaracterization of the evidentiary record. Further, the conclusion of Dr. Thaxton that Mr. Lester suffers no symptoms as a result of the compensable herniated discs, on which the Board of Review also relied, is refuted by four years' worth of treatment notes from Dr. Kropac. Because the physicians' opinions relied upon by the Board of Review in its decision reversing the Order of the Office of Judges are not credible, Mr. Lester is entitled to the authorization of the April 18, 2011, visit with Dr. Kropac granted by the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to reinstate the February 28, 2012, Order of the Office of Judges authorizing an April 18, 2011, office visit with Dr. Kropac.

Reversed and remanded.

**ISSUED:  May 1, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II